MaNlt, J.
 

 This is a bill filed to attach, in Equity, under our statute, certain interests in remainder of John T. Andrews, in property bequeathed to him by Wilson Andrews. A general demurrer has been put in, which brings up the en-quiry, whether there is enough on the face of the bill, to entitle the plaintiffs to the equitable.relief which they seek.
 

 The statute which gives the remedy, Eev. Code, chap. 7, in the 26 section, declares that “ the plaintiff shall state specially his debt or demand as near as he can, and shall make affidavit of the truth of the matters, contained in his bill,.according to his information and belief.”
 

 No such affidavit, as is here required, appears in the proceedings, and we suppose none was made. The bill contains ■a statement of the amount of the debt, and the manner in which it acerned ; the “jurat” at the foot, states only that the defendant, John T. Andrews, resides beyond the limits of the State. That is all. There is no affidavit of the truth of the matters stated in the bill, and we think this defect is reached by a genera] demurrer,
 

 This attachment, in Equity, of propert3 or estate that could not be reached at law, is the creature of legislation, and is given only on the condition, that a specific debt shall be alleged to be due, and that the allegation shall be made under oath. To give the remedy and, consequently, to give jurisdiction to the Court, it is esseutial there should be a debt, and a debt sworn to bo due. The willingness of the creditor to give assurance, by oath, of the justice of his claim, is the ground of the bill. The oath, therefore, is not mere form, but of substance, by force of the statute.
 

 The assertion of a demurrer, according to Mr. Adams, is, that plaintiff has not, on his own showing, made out a case,
 
 *350
 
 and. this assertion, according to our view, will reach the defect in the plaintiffs’ bill — a defect apparent upon its face. The ordinary grounds of a demurrer are want of jurisdiction, want of equity, multifariousness and want of parties. One of the grounds, alleged in the case before us, is want of j uris-diction; the verification of the debt, by oath, being necessary to give power to the Court to take cognizance of the subject matter.
 

 It is not necessary, in equity, to set out specially the ground of the demurrer. The assertion of a general demurrer, that the plaintiff’s case is bad, upon his own showing, is sustained, if, upon the trial, any ground is shown, making good that position. And even when special ground is taken in the demurrer, other grounds may be shown on the trial; we are of opinion, therefore, that a general demurrer will apply to the defect in the plaintiffs’ case, and is fatal to it. In the case of
 
 Allen and Wycoff
 
 v.
 
 the State
 
 Bank, 1 Dev. and
 
 Bat.
 
 Eq. 7, which was a bill filed to recover certain lost notes, and in which a question arose as to the verification, on oath, of the bill, the Judge, delivering the opinion of the Court, says: “When a bill is brought, not for discovery merely, but also for rqlief, the practice of the Court, generally, requires that an affidavit of the loss of the written instrument should be annexed, because it is the loss which constitutes the reason for changing the
 
 forum
 
 and transferring to the Court of Equity an ordinary case of relief in the courts of Law. The want of such an affidavit would be a good ground of demurrer.”
 

 What was here said is in point upon the question we are here considering. A verification on oath, in our case, is essential, because such verification of a peculiar state of facts constitutes the reason for putting into action the Court of Equity.
 

 We have not thought proper to discuss another ground of demurrer, which was brought forward upon the argument, to wit, that the interest of John T. Andrews, was not such as-could be attached. It is not necessary, in consequence of the view take of the first ground.
 

 P.eb Odbiam, Demurrer sustained and bill dismissed.